

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 14, 1969

Hon. John Wright, Chairman
Interstate Cooperation
  Committee
House of Representatives
Capitol Station
Austin, Texas

Opinion No. M-372

Re: House Bill No. 726
Relating to powers of
the Interstate Compact
Commissioner.

Dear Mr. Wright:

Your recent letter addressed to this office requests our consideration of the constitutional problems raised in connection with House Bill No. 726.

House Bill 726 proposes to amend Article 7466g, Vernon's Civil Statutes, and to repeal one section of each of the Acts ratifying and implementing one of the four interstate river compacts to which Texas is a party.

If the bill were enacted and held valid a result would be that, on the effective date of the bill, the person holding the office of Interstate Compact Commissioner, created under the provisions of Chapter 380, Acts of the 51st Legislature, Regular Session, 1949 (Article 7466g, Vernon's Civil Statutes), would represent Texas on all commissions or administrations created under interstate river compacts to which Texas is a party. He would also exercise the powers provided under those compacts as the Texas representative. The person representing Texas under each one of the four compacts would be relieved of his duties and authority. The Interstate Compact Commissioner would also represent Texas in negotiations looking to forming a Red River Compact.

For the reason that your request does not specify any particular aspects of the bill for consideration, we conclude that you are interested in a full discussion thereof. Our consideration will thus be confined to the constitutional problems as they relate to the text of each compact, the federal statutes involved, the Texas statutes ratifying the compacts, the text of H.B. 726 and statutes of other signatory states.

- 1838 -

### Constitutional Problems

We are of the opinion that H.B. No. 726, as submitted, is unconstitutional at least to the extent that it would provide a six year term for an office in contravention of Article 16, Section 30, Constitution of the State of Texas, which provides "The duration of all offices not fixed by this Constitution shall never exceed two years."

In reaching this conclusion we have determined that the bill would provide for an "office" within the meaning of Article 16, Section 30. The characteristics of a "public office" are discussed at length in Attorney General Opinion No. C-528 (1965), at pages 2509 et seq., citing Kimbrough v. Barnett, 93 Tex. 301, 55 S.W. 120 (1900), wherein the court quoted with approval Mechem on Public Officers as follows:

> "A public office is the right, authority,
> and duty created and conferred by law,
> by which for a given period, either fixed
> by law or enduring at the pleasure of the
> creating power, an individual is invested
> with some portion of the sovereign func-
> tions of the government, to be exercised
> by him for the benefit of the public."

Your attention is also invited to Opinion No. C-528, at page 2512, the quotation from Barney v. Hawkins, 257 P. 411 79 Mont. 506, (1927), 53 A.L.R. 583, as to the meaning of the term "office".

We are of the opinion that H.B. 726 purports to create, or continue, an "office" within the meaning of Article 16, Section 30, with a term greater than permitted by the Constitution.

A constitutional problem under H.B. 726 also arises in connection with appointment of personnel.

Section 2 of H.B. 726 repeals the section of each statute under which the Rio Grande, Pecos, Canadian, and Sabine compacts were ratified and implemented. Outright repeal of these sections terminates the authority expressly provided in certain of these sections for making investigations, appointing engineering, legal, and clerical aid, and for incurring other expenses. This authority is not expressly given to the Interstate Compact Commissioner under H.B. 726.

In view of the prohibitions of Article 3, Section 44, of the Constitution of Texas against employment of any one in the name of the state unless authorized by pre-existing law, we are of the opinion that statutory provision must be made for such personnel, as well as for related expenses. Arguably the authority is implied under language in Section 4 transferring funds to be expended for the purposes authorized in appropriations made to the individual commissioners, but we think this is not sufficient to comply with Article 3, Section 44 of our Constitution.

The problem could be met by suitably amending Section 2 of each statute to preserve this authority, or by providing the authority in H.B. 726. In either event, notice should be taken of language in the various compacts which authorizes the Commissions to employ personnel, and of language in the sections proposed to be repealed that qualifies the power of the Texas commissioner to obligate the state for expenditures made jointly with other states.

The question is raised as to whether H.B. 726 contravenes the prohibition of Article 16, Section 40, Constitution of the State of Texas, against holding more than one civil office. We answer this question in the negative. The intent of the Legislature and the effect of the bill is clearly that there is created, or continued, only the one office of Interstate Compact Commissioner, and that the person holding that office has the additional duty of representing this state on the designated commissions and administrations. This is permissible under Texas Turnpike Authority v. Shepperd, 154 Tex. 357, 279 S.W.2d 302 (1955), and authorities cited therein.

In view of the foregoing decision, a statute providing for the appointment by the governor of an Interstate Compact Commissioner and expressly providing that the person who holds that office is also ex-officio the Rio Grande Compact Commissioner, the Pecos River Compact Commissioner, the Canadian River Compact Commissioner, and a member of the Sabine River Compact Administration, without additional compensation, would be more in the format of the compacts, would be consistent with the provision made in some of the compacts for representatives of other states, and would bring the statute more certainly under the rule of Texas Turnpike Authority v. Shepperd, supra.

In this connection, see Article XII of the Rio Grande Compact, which provides that "The State Engineer of Colorado shall be ex-officio the Rio Grande Compact Commissioner for Colorado", and that "The State Engineer of New Mexico shall be ex-officio the Rio Grande Compact Commissioner for New Mexico". Note also that Article VII(c) of the Sabine Compact provides that "One of the Louisiana members shall be ex-officio the Director of the Louisiana Department of Public Works".

With further reference to conforming to the compacts, notice should be taken of the fact that the Sabine Compact provides in Article VII for an "Administration" consisting of "members". Our statute should adopt the same terms where applicable.

### Text of the Compacts

Each compact creates a "commission" or an "administration", and prescribes the manner of selecting representatives from member states.

Article XII of the Rio Grande Compact provides that the Rio Grande Compact Commissioner for Texas shall be appointed by the Governor of Texas.

Article V of the Pecos Compact provides that "The Commission shall be composed of one Commissioner representing each of the states...", and Article IX of the Canadian Compact provides that "The Commission shall be composed of three (3) Commissioners, one (1) from each of the signatory states...", in each designated or appointed in accordance with the laws of the State.

Article VII(b) of the Sabine Compact provides that the Administration shall consist of two members from each state, and Article VII(c), as amended, provides that the Texas members shall be appointed by the governor for a term of six years.

We are of the opinion that the provision in Section 1 of Article 7466g, Vernon's Civil Statutes, as set out in H.B. 726, to the effect that the Interstate Compact Commissioner, appointed by the governor, shall represent the State of Texas

on the commissions there named, is sufficient to designate or appoint a representative to each such body, and complies with the requirements of all compacts as to the method of appointment. We have pointed out that some of the compacts provide for representatives who serve in an ex-officio capacity.

A problem does arise, however, because of the provision in the Sabine Compact for six year terms for Texas members.

The Sabine Compact as originally adopted provided for two year terms for Texas members, as did the statute ratifying the Compact. Under the provisions of Chapters 19 and 192, Acts of the 57th Legislature, R.S., 1961, the compact and the Texas statute were amended to provide six year terms for Texas members. Section 5 of Chapter 19, the emergency clause, reads as follows:

> "Sec. 5. The fact that annual appointments are made by the Governor of the State of Texas pursuant to the Sabine River Compact which results in uncertainty by the State of Louisiana, and the fact that it is to the best interest of the people of Texas to protect the rights of its citizens to have longevity in terms of office by Texas members of the Sabine River Compact Administration in compliance with the Constitution of the State of Texas, creates an emergency..... ."

We observe, therefore, that a Texas statute creating the office of Interstate Compact Commissioner with a two year term and providing that the holder of the office is ex-officio a member, or shall represent the state as a member, of the Sabine River Compact Administration would still not conform to the requirements of the compact as amended. A constitutional amendment or a compact amendment would remedy the problem..

### Federal Statutes

All interstate river compacts must be approved by the Congress of the United States, and if it is found necessary or desirable that signatory states amend a compact, then Congressional consent will be necessary. See Act of March 16, 1962, Pub.L. 87-418, 76 Stat. 34, consenting to the amended form of Article VII(c) of the Sabine Compact under which six year terms were provided for Texas members.

### Texas Statutes Ratifying the Compacts

H.B. 726 would repeal entirely Section 2 of the statute ratifying and implementing each compact. We have suggested that provisions providing for employment of personnel be preserved or incorporated in H.B. 726. See Constitutional Problems, this opinion.

### Text of H. B. 726

In addition to provisions earlier discussed in this opinion, the following provisions should be noted:

1. Section 4 of Article 7466g provides that "Funds appropriated for the biennium beginning September 1, 1969,.....are hereby transferred to the Interstate Compact Commissioner..... ". The effective date of H.B. 726 is February 1, 1970, hence no provision for transfer of funds may be effective until that date. If this is not the intended result this provision should be clarified.

2. On line 13, page 3, of the bill, the words "as amended" should be inserted following "1951".

### Statutes of Other Signatory States

We find nothing in the statutes of other signatory states, other than the provision in Article VII(c) of the Sabine Compact for six year terms for Texas members, that would preclude the adoption of the arrangement contemplated under H.B. 726.

Hon. John Wright, page 7 (M-372)

## SUMMARY

H.B. 726 as submitted is unconstitutional to the the extent that it would provide a six year term for an office in contravention of Article 16, Section 30, Constitution of the State of Texas.

There is also under the bill a constitutional problem in connection with the appointment of employees not authorized by pre-existing law. Article 3, Section 44, Constitution of the State of Texas.

The Sabine compact provides that Texas members shall have a term of six years. Therefore, a Texas statute providing for representation by an official appointed for a two year term would not conform to the requirements of the compact. Any amendment to a compact requires the approval of the Congress of the United States.

H.B. 726 is not effective to transfer funds until February 1, 1970.

Very truly yours

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by
James S. Swearingen
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Roland Allen
Pat Bailey
Harold Kennedy
Sally Phillips

W. V. GEPPERT
Staff Legal Assistant

-1844-